Jared Allebest, #325086
Attorney for Plaintiffs
8978 South Quarry Stone Way
Sandy, UT 84094
Cell: (949) 322-3991
Videophone: (801) 204-9055
Email: Jared@Allebest.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZETTE DASILVA AND ROES I-X<br><br>               Plaintiff,<br><br>vs.<br><br>ANTELOPE VALLEY HOSPITAL,<br>ANTELOPE VALLEY HOSPITAL, INC.,<br>AND ROES I-X<br><br>              Defendant | CASE N0.: 2:21-cv-7726<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF:<br><br>1. THE PATIENT PROTECTION AND AFFORDABLE CARE ACT;<br><br>2. SECTION 504 OF THE REHABILITATION ACT;<br><br>3. AMERICANS WITH DISABILITIES ACT;<br><br>4. UNRUH CIVIL RIGHTS ACT;<br><br>5. DISABLED PERSONS ACT<br><br>JURY TRIAL DEMANDED |

## I. INTRODUCTION

1. Nearly 11 years after the Affordable Care Act ("ACA) was passed, 30 years after the Americans with Disabilities Act ("ADA") was passed, and 45 years after the Rehabilitation Act was passed, some health care providers still routinely fail to provide sign language interpreters and other accommodations to deaf patients, depriving them of effective communication and denying them equal access to health services. Defendant, the owner and operator of Antelope Valley Hospital, is one such provider.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES       1

2. Plaintiff Suzette DaSilva, an individual who is deaf, alleges that Defendant failed and refused to take the steps necessary to ensure that she was not excluded, denied services, segregated, or otherwise treated differently than other individuals at Antelope Valley Hospital because of the absence of auxiliary aids and services.

3. Plaintiff brings this action alleging discrimination on the basis of disability in violation of The Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18001 *et seq.*, Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, *et seq.*, Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq.*, and related California civil rights laws.

4. Through this action, Plaintiff seeks declaratory and injunctive relief and damages, as well as her attorneys' fees and the costs of bringing this suit.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 for claims arising under the ADA and Section 504.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for claims arising under California law, including, the Unruh Civil Rights Act, Cal. Civ. Code §51, *et seq.* and the Disabled Persons Act, Cal. Civ. Code § 54.1, *et seq.*, both of which expressly incorporate the ADA. Cal. Civ. Code §§ 51(f), 54.1(d).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiff's claims occurred within this District.

## III. PARTIES

8. Plaintiff Suzette DaSilva is, and at all times relevant herein was, a resident of the State of California. Plaintiff is, and at all times relevant herein was, a qualified individual with a "disability" as defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 36.104) and California law (Cal. Gov. Code § 12926); and a "handicapped person" as defined under Section 504 of the Rehabilitation Act and its implementing regulations (29 U.S.C. § 794, incorporating by reference 29 U.S.C. § 705; 45 C.F.R. § 84.3(J)). She does not wear hearing aids or cochlear implants of any kind. Her primary language is American Sign Language (ASL). She has a limited ability to read, write, speak, or understand English, and is persons with limited English proficiency (LEP) within the meaning of Section 1557, 45 C.F.R. § 92.4.

9. Defendant Antelope Valley Hospital. is a California Corporation with its principal place of business in Los Angeles County, California. Defendant Antelope Valley Hospital, is, and at all times relevant herein was, the owner, operator, lessor, and/or lessee of Antelope Valley Hospital (hereinafter "Antelope Valley Hospital"). Antelope Valley Hospital is located at 1600 W Ave. J, Lancaster, California 93534.

10. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

11. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## IV. FACTS UPON WHICH ALL CLAIMS ARE BASED

12. Plaintiff has been deaf since birth and is therefore substantially limited in the major life activity of hearing and communicating via spoken language.

13. American Sign Language ("ASL") is Plaintiff's primary language and ASL interpretation is her preferred auxiliary aid/service.

14. Plaintiff is unable to communicate effectively using notes in written English because English is not her primary language.

15. Ms. DaSilva went to Antelope Valley Hospital on April 8th, 2011 to undergo a colonoscopy. The medical records indicate that informed consent was obtained from her after explaining the procedure, risks, and complications to her. However, the record is silent on whether or not if an ASL interpreter or VRI was provided before or after this surgical procedure. It is not clear how her consent for this medical procedure was obtained as a Deaf patient.

16. On June 18, 2012, Ms. DaSilva went to Antelope Valley Hospital because she was experiencing dizziness. She had collapsed at a donut shop and emergency medical

services (EMS) was called to help her and take her to Antelope Valley Hospital. The medical record shows handwritten notes between Ms. DaSilva and "Dennis," who was to do a mental health assessment on her, in which she asked for an ASL interpreter and Dennis asked her if they could write notes back and forth. It is clear from this handwritten communication that ASL interpreter was not provided to her after she requested one. She was left to communicate with a medical professional using pen and paper to discuss her mental health history which should have been done with a qualified and certified ASL interpreter present.

17. Ms. DaSilva went to Antelope Valley Hospital on May 13th, 2013 to undergo a colonoscopy. Again, the medical records indicate that informed consent was obtained from her after explaining the procedure, risks and complications to her. Once more, the record is silent on whether or not if an ASL interpreter or VRI was provided before or after this surgical procedure. It is unknown how her consent for this medical procedure was obtained as a Deaf patient.

18. Once again, Ms. DaSilva went to Antelope Valley Hospital on February 14th, 2014 to undergo a colonoscopy. A review of her medical records from the visit indicate that informed consent was obtained from her after explaining the procedure, risks, and complications to her. Yet, her medical record is silent on whether or not if an ASL interpreter or VRI was provided before or after this surgical procedure. It is unclear how her consent for this medical procedure was obtained as a Deaf patient.

19. Suzette DaSilva went to the Antelope Valley Hospital Outpatient Surgery Center on December 3, 2014 to receive an upper endoscopic examination by Dr. Singh. It is unknown if she was provided with an ASL interpreter or VRI during that visit. Furthermore, it does not specify how her consent for this medical procedure was obtained as a Deaf patient.

20. Ms. DaSilva was taken to Antelope Valley Hospital on January 26th, 2016 due to some abdominal pain. A computed tomography (CT) of the abdomen and pelvis showed mild colonic diverticulosis. It appears that her caregiver acted as her ASL interpreter during this medical visit. It is not known if the caregiver is qualified or certified to interpret for Ms. DaSilva. There are questions as to whether or not the caregiver was providing effective communication to Ms. DaSilva under the Americans with Disabilities Act or other federal or state law.

21. Ms. DaSilva left for Antelope Valley Hospital on January 8th, 2016 to undergo a colonoscopy with polypectomy. It was determined that she had mild sigmoid diverticulosis. The medical records indicate that informed consent was obtained from her after explaining the procedure, risks, and complications to her. Again, the record is silent on whether or not if an ASL interpreter or VRI was provided before or after this surgical

procedure. It is unknown how her consent for this medical procedure was obtained as a Deaf patient.

22. On January 12th, 2016, Ms. Da Silva had a hemorrhoidectomy at Antelope Valley Hospital. The records do not state if an ASL interpreter or VRI was provided before or after this surgical procedure. It does not specify how her consent for this medical procedure was obtained as a Deaf patient

23. Suzette DaSilva went to the emergency room at Antelope Valley Hospital on May 14th, 2016 because she was experiencing respiratory issues in her lungs. The emergency staff determined she was suffering from a viral upper respiratory infection (URI). An ASL interpreter was not provided during her visit because the patient's caregiver acted as an ASL interpreter. Once again, there are questions regarding whether or not the caregiver is qualified or certified to interpret and if she provided effective communication to Ms. DaSilva under federal or state law.

24. Ms. DaSilva returned to Antelope Valley Hospital on April 6th, 2018 to undergo an upper endoscopy with esophageal dilation to determine if there is any suspected esophageal foreign body or determine why she has an inability to swallow anything after being referred to undergo the procedure by Dr. Win on February 20, 2018. It appears that a live ASL interpreter was provided to her to explain the all the risks, benefits, and alternatives of the procedure via the interpreter including the risks of bleeding, perforation, infection, and anesthesia related cardiopulmonary complications. She agreed to the procedure, and it was completed successfully.

25. Suzette DaSilva visited the emergency room at the Antelope Valley Hospital on August 8th, 2018, because she was experiencing pain in her stomach. During her visit at the hospital, she made a request for a live, in person ASL interpreter yet she was provided with VRI for only 15 minutes during her visit. She was not provided with effective communication during her discharge, and she was not able to understand her discharge papers when it was provided to her.

26. On April 3rd, 2019, Ms. Da Silva went to Antelope Valley Hospital to for surgery. It is not clear if a live ASL interpreter or VRI was provided for this surgery.

27. Once again, on May 7th, 2019, Ms. DaSilva went to the emergency room at Antelope Valley Hospital because she had fallen and hurt her head, left side of her back, and left knee. This resulted in a headache and back pain for Ms. DaSilva. The medical records for her visit indicate that a live ASL interpreter was not provided. It appears that VRI was not provided to her either. The records indicate that the doctor and patient communicated through pen and paper as well as some limited sign language. As a result, there are

questions as to whether or not medical staff was providing effective communication to Ms. DaSilva during this May 7th, 2019, visit.

28. Ms. DaSilva made another visit to the emergency room at Antelope Valley Hospital sometime during August 7th-8th, 2019 in which she complained of chest and/or abdominal pain. According to her medical records, a CT scan of the abdomen done showed colitis and she was subsequently sent home with antibiotics. It is not clear from the records if live in person ASL interpreter was provided to her or if VRI was provided to her. However, an ASL interpreter was provided to her when she returned to the hospital on August 10th, 2019 because she started to experience nausea and vomiting accompanied by persistent abdominal pain and diarrhea. An ASL interpreter named "Patti" in which it was discussed if she would be willing to undergo esophagogastroduodenoscopy and colonoscopy for which she subsequently consented to the procedures.

29. Ms. DaSilva made a visit the emergency room on June 4th, 2020, because she was suffering from abdominal pain in the left lower area. It was determined that she was suffering from diverticulosis which occurs pockets called diverticula form in the walls of a person's digestive tract. The inner layer of their intestine pushes through weak spots in the outer lining and this pressure makes them bulge out, making little pouches. During her visit during the emergency room, she was not provided with a live in person interpreter or with VRI. It appears that an interpreter was called but did not show up. Records indicate that she communicated with medical professionals at Antelope Valley Hospital via a white board on July 4th, 2020. However, it appears that an ASL interpreter named "Laurie" came to visit her on the following day of July 5th, 2020, for the discharge instructions. What is frustrating about this incident is that an ASL interpreter was not provided for her during her medical emergency when she really needed it but was provided with an ASL interpreter the following day after the emergency had passed.

30. Ms. DaSilva sent a Claim Against A Public Entity to Antelope Valley Hospital sometime around December 15th, 2020. (See Exhibit #1) Antelope Valley Hospital sent a letter to Ms. DaSilva's attorney on January 28th, 2021 rejecting her governmental claims. (See Exhibit #2).

31. Counsel for Ms. DaSilva sent a demand letter to the Defendants on April 9th, 2021 and did not receive a response. (See Exhibit #3) Furthermore, this letter put the Defendants on notice regarding Ms. DaSilva's claims.

32. A few months later, Ms. DaSilva made a visit the emergency room on July 6th, 2021, because she was vomiting and had stomach issues. As always, she asked for a live ASL interpreter, and she was not provided one. She was not offered VRI, and none was provided to her. There wasn't even a pen and paper communication between her and her

doctor. She had a helper who communicated with the doctor, but Ms. DaSilva was completely left out of the conversation and therefore her helper didn't communicate any of her conversation with the doctor to Ms. DaSilva. She was given medication to soften her stool, but she did not receive any effective communication to understand the medication she was given.

33. As a result of the Defendant's failure to provide effective communication to the Plaintiff on July 6th, 2021, Ms. DaSilva's attorney sent a second demand letter to the Defendants on August 7th, 2021 and did not receive a response from the Defendants. (See Exhibit #4).

35. The Plaintiff subsequently sent another Claim Against A Public Entity to Antelope Valley Hospital sometime around August 13th, 2021 regarding the Defendant's failure to provide effective communication to the Plaintiff on July 6th, 2021. Antelope Valley Hospital sent a letter to Ms. DaSilva's attorney on September 17th, 2021 rejecting her governmental claims. (See Exhibit #5).

36. As outlined above, during the period between April 8th, 2011 and July 6, 2021, Plaintiff visited Antelope Valley Hospital on multiple occasions to receive medical treatment and rehabilitation services for various medical issues such as colitis, viral upper respiratory infection (URI"), concussion, female rectocele repair, pyelonephritis, diverticulosis, abdominal pain, and other medical issues.

37. Plaintiff's medical records from Antelope Valley Hospital repeatedly note that she is deaf, that she uses ASL to communicate, that ASL is her preferred language, and that Plaintiff's hearing loss and use of ASL presents a learning barrier.

38. Plaintiff repeatedly requested an ASL interpreter from staff at Antelope Valley Hospital during multiple visits to Antelope Valley Hospital. An ASL interpreter was never provided to the Plaintiff and VRI was used sparingly with the Plaintiff. On multiple occasions, Plaintiff was denied an ASL interpreter and thus denied a meaningful opportunity to participate in her medical treatment and rehabilitation.

39. Due to Plaintiff's hearing loss, ASL interpretation is necessary to afford her effective communication in medical settings, particularly for interactive communications such as the discussion of symptoms, presentation of diagnosis and treatment options, and rehabilitation of her injuries and wounds.

40. Without ASL interpretation in medical settings, Plaintiff is not afforded effective communication and is at high risk of miscommunication that may lead to misdiagnosis, improper or delayed medical treatment, and/or Plaintiff's inability to fully participate in the rehabilitation process for her injuries.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES          7

41. Antelope Valley Hospital staff repeatedly failed and refused to provide Plaintiff with ASL interpreters or any other auxiliary aid or service to ensure effective communication regarding her medical needs, treatment, and rehabilitation during all but one of her numerous visits to Antelope Valley Hospital between April 8th, 2011 and July 6th, 2021.

42. Rather than use an ASL interpreter to communicate directly with Plaintiff, who is an independent adult in her 60s, Antelope Valley Hospital instead forced Plaintiff's family members and/or personal aids to interpret or provide information about Plaintiff. Antelope Valley Hospital staff also repeatedly gave discharge instructions to Plaintiff's family, rather than directly to Plaintiff.

43. During her multiple visits to Antelope Valley Hospital, Plaintiff underwent various medical exams, treatments, therapies, rehabilitation services, and was administered numerous medications. However, *none* of the medical exams, treatments, and medications provided to Plaintiff were effectively communicated to her because of Defendant's failure and/or refusal to provide her with an ASL interpreter or other effective accommodation.

44. To this day, Plaintiff does not understand the reasons for the various exams, treatments, therapies, and rehabilitation services she received, the purpose of the various rehabilitation tasks or exercises, or the purpose of various medications she was administered, or the potential side effects of those medications.

45. Plaintiff could not communicate effectively with her doctors, nurses, physical therapists, or other Antelope Valley Hospital staff throughout her numerous visits to Antelope Valley Hospital due to Defendant's failure and/or refusal to provide her with an ASL interpreter or any other auxiliary aid or service to ensure effective communication.

46. Plaintiff was frustrated and distressed at various points throughout her approximately four visits to Antelope Valley Hospital because she had no way to effectively communicate questions and concerns about her medical history and treatment, or effectively communicate how she was feeling and the symptoms she was experiencing.

47. Plaintiff was further frustrated and distressed during each of her visits to Antelope Valley Hospital because she was denied the ability to knowingly participate in and consent to her medical care and was denied proper orientation, discharge planning, and the ability to fully participate in her rehabilitation services. Plaintiff was also knowingly isolated and denied the ability to communicate with other residents and staff and denied access to programming at Antelope Valley Hospital.

48. As the direct and proximate result of Defendant's acts and omissions, described herein, Plaintiff was excluded from and denied equal access to Defendant's programs, services, and goods. She was segregated and made to feel isolated, subjected to inferior treatment and services, and/or otherwise treated differently and less favorably than hearing individuals. This, in turn, caused Plaintiff to experience difficulty and discomfort, physical and emotional distress, inconvenience, indignity, frustration, embarrassment, humiliation, and a loss of civil rights.

49. Given Plaintiff's ongoing health issues resulting from her age, her health, and the proximity of her mother's residence to Antelope Valley Hospital, she is likely to return to Antelope Valley Hospital for medical care in the future

50. From April 8th, 2011 July 6th 2021, engaged in a pattern of intentional discrimination against the Plaintiff by reason of her disability of being Deaf by not providing her an ASL interpreter at each of her medical visits at Antelope Valley Hospital.

51. Defendants continued to discriminate against the Plaintiff after her attorney sent the Defendant a demand letter on April 9th, 2021 when they failed and/or refused to provide the Plaintiff with an ASL interpreter on July, 6th, 2021.

52. The Defendants engaged in a pattern of intentional discrimination by providing the Plaintiff with VRI that was not functioning properly on one or more visits to Antelope Valley Hospital. Under the ADA, it is illegal to have VRI service that is not functioning properly.[1] Defendants were aware that providing defective VRI to the Plaintiffs violated their federally protected rights.

53. Defendants never completed an individualized analysis of the Plaintiff's disability .to determine a reasonable accommodation for effective communication. Furthermore, the Defendants failed to give "primary consideration" to the person with a disability's choice of auxiliary aid or service.

54. It was not an undue financial burden for Defendants to provide the Plaintiff with a live onsite ASL interpreter for effective communication when it was requested by the Plaintiff.

55. It would not fundamentally alter Defendants' services to provide an onsite ASL interpreter for the Plaintiffs for effective communication.

---

[1] 28 C.F.R § 35.160(d)(1-4) (Title II) and 28 C.F.R § 36.303(f)(1-4) (Title III).

56. Defendant's decision to deny the Plaintiffs an ASL interpreter on numerous occasions was intentional and/or negligent since she is a frequent visitor at Antelope Valley Hospital. There can be no more critical place in which a person is entitled to equal protection and equal participation than in the healthcare setting because decisions are made in medical facilities that may make a difference between life and death for a patient. For a patient with a hearing loss, a breakdown in communication between a medical provider and the patient can be fatal.[2] Unfortunately, only 17% of Deaf signers receive an interpreter in healthcare settings.[3]

57. Defendants did not provide equal services to the Plaintiffs like it did for hearing patients.

58. Defendants did not provide equal services for the Plaintiffs because of their disability of being Deaf.

59. Because of Defendants' intentional discrimination, the Plaintiffs suffered and continues to suffer severe emotional pain.

60. Because of Defendants' intentional discrimination, the Plaintiff suffered and continues to suffer severe emotional pain.

61. Finally, the Defendants' pattern of intentional discrimination towards Deaf patients is not a new incident of discrimination. The Defendants were previously sued for failing to provide effective communication to a Deaf patient in 2019. (See *Linda Kerstein v. Antelope Valley Hospital et al.*, (2:18 cv-8960).

62. The record is clear that Defendants refused to provide effective communication to patients with a hearing loss and could not communicate as effectively as they could have with hearing patients. Thus, the Defendants, with deliberate and egregious indifference, deliberately failed to ensure that they could comply with their obligations under the Americans with Disabilities Act, the Rehabilitation Act and the Patient Protection and Affordable Care Act (ACA).

---

[2] Otis, Ginger Adams. "Hospitals' failure to provide interpreter for deaf man led to his death, suit claims" Published on May 26, 2015. http://www.nydailynews.com/new-york/bronx/exclusive-deaf-man-died-hospitals-failed-suit-article-1.2235239 Accessed on March 18, 2018.
[3] Alexander, A., Ladd, P., & Powell, S. (2012). *Deafness might damage your health*. Lancet, 379(9820), 979–981. doi:10.1016/S0140-6736(11)61670-X as cited in Pertz, L., Plegue, M., Diehl, K., Zazove, P., & McKee, M. (2018). *Addressing mental health needs for deaf patients through an integrated health care model*. Journal of Deaf Studies and Deaf Education, 23, 240-248. doi: 10.1093/deafed/eny002

63. For the Plaintiff, her own medical record shows that Defendants failed to provide in person qualified ASL interpreters despite Plaintiff's many requests and despite the fact that it is noted in her medical records that she is Deaf. Defendants were put on notice of the needs of Plaintiffs on countless occasions during the course of Plaintiffs' medical treatment.

64. The Defendants were deliberately indifferent to the Plaintiff's federally protected rights. Under that standard, "a plaintiff must show that the defendant `knew that harm to a federally protected right was substantially likely' and `failed to act on that likelihood.'"[4]

65. Until Defendant's discriminatory policies are modified, Plaintiff will continue to be prevented and deterred from participating in and benefitting from Defendant's goods, services, programs, and activities solely by reason of her disability, and to her detriment.

66.Unless enjoined, Defendant will continue to engage in the unlawful acts and pattern and practice of discrimination described above. Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief.

67. An actual controversy has arisen and now exists between the parties concerning their respective rights, duties, and obligations under Federal and State law. Accordingly, Plaintiff is entitled to declaratory relief.

**V. CLAIMS FOR RELIEF**
**FIRST CAUSE OF ACTION**
**(The Patient Protection and Affordable Care Act, 42 U.S.C. § 18001 et seq.)**

68. The allegations in paragraphs 1-67 above and the below are incorporated herein by reference.

69. The Defendants are subject to requirements of The Patient Protection and Affordable Care Act (ACA) because they receive federal funds to support services and/or programs, including, but is not limited to, Meaningful Use funds or Medicaid funds.

70. The Plaintiffs are qualified individuals with a disability as defined by the Section 504 of the Rehabilitation Act and is subjected to discrimination because they are individuals with a disability.

---

[4] *Silva* v. *Baptist Health South Florida, Inc* 856 F. 3d 824, 841. Internal citations omitted.

71. Section 1557 of the Patient Protection and Affordable Care Act (ACA), ensures that an individual is not excluded from participating in, denied benefits because of, or subjected to discrimination as prohibited under Section 504 of the Rehabilitation Act of 1973 (disability), under any health program or activity, any part of which is receiving federal financial assistance, or under any program or activity that is administered by an Executive Agency or any entity established under Title I of the Affordable Care Act or its amendments. 42 USC 18116(a).

72. Defendants discriminated against the Plaintiffs because they are Deaf individuals and refused to provide ASL interpreters to establish effective communication with the Plaintiff, failed to provide VRI that was in working order, or relied on family members or other individuals who are not qualified and/or certified to provide ASL interpreting services.

73. The Plaintiff(s) asked the Defendants for a live onsite ASL interpreter during her multiple emergency visits to Antelope Valley Hospital and her request was either forgotten, disregarded and/or denied.

74. The VRI provided to the Plaintiffs for their medical appointments was not functioning properly as to provide effective communication to the Plaintiffs.

75. Defendants never completed an individualized analysis of Ms. DaSilva's disability to determine a reasonable accommodation for effective communication.

76. The Defendants failed to establish, within their agencies and divisions, policies, practices, and procedures required under The Patient Protection and Affordable Care Act (ACA), 42 U.S.C. § 18001 et seq. to ensure that persons who are Deaf are not subjected to discrimination.

77. Section 1557 requires covered entities to give "primary consideration" to the person with a disability's choice of auxiliary aid or service. 81 Fed. Reg. 31421. Auxiliary aids and services can include, as appropriate, qualified interpreters, a variety of assistive technology devices, and the provision of materials in alternative formats. 45 C.F.R. § 92.4.

78. All covered entities, regardless of the number of employees, must provide appropriate auxiliary aids and services to people with impaired sensory, manual, or speaking skills, where necessary to afford those individuals an equal opportunity to benefit from the health program or activity. 45 C.F.R. § 92.202(b).

79. The Staff and Administrators, in all instances, individually and acting Defendants' agents, denied the Plaintiff's request to for an ASL interpreter.  They discriminated

against them intentionally, recklessly and with malicious disregard for the Plaintiffs' federally protected rights, because they are Deaf individuals.

80. The acts or omissions of Defendants (or its agents) caused the Plaintiffs to suffer irreparable harm in the nature of humiliation, limitation of freedom, and other forms of intangible injuries to their dignity interests. Each of the discriminatory conditions identified above presents a palpable and substantial deprivation of a degree of the Plaintiffs' much-cherished independence. The injuries sustained by Plaintiff relating to the Defendants' discrimination are ongoing until the discriminatory conditions are corrected by preliminary and permanent injunctions, enjoining the Defendants from further violations of The Patient Protection and Affordable Care Act (ACA).

81. Because Plaintiffs are injured by the intentional acts of the Defendants and suffered from severe emotional distress (much more than a typical person could be expected to endure) they are entitled to compensation for such injuries.

82. Furthermore, the Plaintiffs suffered actual financial loss by spending personal funds to travel to meet with their attorney which they would not have otherwise had to spend had the Defendants not prevented them from communicating with their doctors via a certified and qualified ASL interpreter by reason of their Deafness.

83. The Plaintiffs have been forced to engage the services of an attorney. Therefore, they are entitled to an award of the attorney's fees and cost

## SECOND CAUSE OF ACTION
### (Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq*.)

84. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

85. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a).

86. At all times relevant herein Plaintiff met the essential eligibility requirements for the receipt of service from Antelope Valley Hospital.

87. Defendant owns and operates Antelope Valley Hospital.

88. Defendant accepts federal financial assistance in the form of Medicare and Medicaid payments.

89. As a hospital, Antelope Valley Hospital "must operate and provide services in compliance with all applicable Federal, State, and local laws, regulations, codes, and with accepted professional standards and principles that apply to professionals providing services in such a facility." 42 C.F.R. § 483.75(b).

90. In addition, Antelope Valley Hospital is "obliged to meet the applicable provisions of other [Department of Health and Human Services] regulations, including but not limited to those pertaining to . . . nondiscrimination on the basis of handicap (45 C.F.R. part 84)." 42 C.F.R. § 483.75(c).

91. Defendant has violated Section 504 be violating, *inter alia*, the ADA and California law, as described herein.

92. Defendant has also violated Section 504 by, *inter alia*:

a. Denying Plaintiff, the benefits and services offered at Antelope Valley Hospital on the basis of her disability. 45 C.F.R § 84.52(a)(1);

b. Providing Plaintiff benefits and services that are not equal to those afforded non-disabled individuals. 45 C.F.R § 84.52(a)(2);

c. Providing Plaintiff with benefits or services that are not as effective as the benefits or services provided to others. 45 C.F.R § 84.52(a)(3);

d. Providing benefits or services in a manner that limits or has the effect of limiting the participation of Plaintiff. 45 C.F.R § 84.52(a)(4);

e. Providing different or separate benefits or services to Plaintiff, based on her disability. 45 C.F.R § 84.52(a)(5);

f. Failing to take such steps as are necessary to ensure that Plaintiff was not denied effective notice concerning the benefits or services offered at Antelope Valley Hospital because of her disability. 45 C.F.R § 84.52(b);

g. Failing to establish a procedure for effective communication with persons with impaired hearing for the purpose of providing emergency health care. 45 C.F.R § 84.52(c); and

h. Failing to provide appropriate auxiliary aids to Plaintiff, an individual with

impaired sensory, manual and speaking skills, where necessary to afford her an equal opportunity to benefit from the services offered at Antelope Valley Hospital. 45 C.F.R § 84.52(d)(1).

93. Defendant's duties under Section 504 are mandatory and long-established. Defendant is deemed to have had knowledge of its duties at all times relevant herein. Defendant's failure to carry out these duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

94. Pursuant to 29 U.S.C. § 794a, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### (Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.*)

95. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

96. The ADA was passed more than two decades ago "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). In enacting the ADA, Congress found that discrimination against persons with disabilities "persists in such critical areas as . . . health services . . . ." 42 U.S.C. § 12101(a)(3).

97. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

98. As a hospital, Antelope Valley Hospital is a place of "public accommodations" for purposes of Title III. 42 U.S.C. § 12181(7)(F).

99. Defendant owns and operates Antelope Valley Hospital.

100. Defendant has discriminated against Plaintiff on the basis of her disability in violation of Title III of the ADA. Defendant's discriminatory conduct includes, *inter alia*:

a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff the goods, services, facilities, privileges, advantages, accommodations, and/or opportunities offered by Antelope Valley Hospital, on the basis of her disability. 42 U.S.C. § 12182(b)(1)(A)(i);

b. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii);

c. Failing to make reasonable modifications in policies, practices, or procedures as necessary to afford Plaintiff with the goods, services, facilities, privileges, advantages, or accommodations offered by Antelope Valley Hospital. 42 U.S.C. § 12182(b)(2)(A)(ii);

d. Failing to take the steps necessary to ensure that Plaintiff is not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services. 28 C.F.R. §36.303(a);

e. Failing to furnish appropriate auxiliary aids and services where necessary to ensure effective communication with Plaintiff. 28 C.F.R. § 36.303(c);

f. To the extent that the provision of certain auxiliary aids or services would have resulted in a fundamental alteration in the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or in an undue burden, failing to provide alternative auxiliary aids or services to Plaintiff, to ensure that, to the maximum extent possible, she receives the goods, services, facilities, privileges, advantages, or accommodations offered by Antelope Valley Hospital. 28 C.F.R. § 36.303(g).

101. Defendant's duties under the ADA are mandatory and long-established. Defendant is deemed to have had knowledge of its duties at all times relevant herein. Defendant's failure to carry out these duties as set forth herein was willful and knowing and/or the product of deliberate indifference.

102. The Plaintiffs have been forced to engage the services of an attorney. Therefore, they are entitled to an award of the attorney's fees and costs. §28 CFR 36.505.

103. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
### (Unruh Civil Rights Act California, Civil Code § 51, *et seq.*)

104. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

105. The Unruh Civil Rights Act ("Unruh Act") guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities,

privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

106. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

107. Antelope Valley Hospital is a business establishment.

108. Defendant owns and operates Antelope Valley Hospital.

109. As the owner and operator of Antelope Valley Hospital, Defendant must comply with the provisions of the Unruh Act.

110. Defendant has violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Antelope Valley Hospital.

111. Defendant has also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA.

112. Defendant's duties under the Unruh Act are mandatory and long-established. Defendant is deemed to have had knowledge of its duties at all times relevant herein. Defendant's failure to carry out these duties as set forth herein was willful and knowing and/or the product of deliberate indifference, warranting an award of treble damages.

113. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

**FOURTH CAUSE OF ACTION**
**(California Disabled Persons Act, California, Civil Code § 54.1, *et seq.*,**
**for statutory damages and attorneys' fees only)**

114. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately re-pled.

115. The California Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all . . . places of public accommodation." Cal. Civ. Code § 54.1(a)(1).

116. A violation of the ADA is also a violation of the CDPA. Cal. Civ. Code, §

54.1(d).

117. Antelope Valley Hospital is a place of public accommodation subject to the CDPA.

118. Defendant owns and operates Antelope Valley Hospital.

119. Defendant's acts and omissions, described herein, violate the rights of Plaintiff under the CDPA. Defendant has also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA.

120. Defendant's duties under the CDPA are mandatory and long-established. Defendant is deemed to have had knowledge of its duties at all times relevant herein. Defendant's failure to carry out these duties as set forth herein was willful and knowing and/or the product of deliberate indifference, warranting an award of treble damages.

121. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §54.3(a), Plaintiff prays for judgment as set forth below.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendant's policies and practices discriminate against Plaintiff in violation of the ACA, ADA, Section 504 and California civil rights law;

2. Issue an injunction pursuant to the ADA, Section 504, and Unruh Act ordering Defendant to:

a. develop, adopt and implement non-discrimination policies;

b. develop, adopt and implement policies regarding the provision of effective communication to people who are deaf / hard of hearing;

c. train Antelope Valley Hospital personnel regarding their obligations to provide communication access to individuals who are deaf / hard of hearing and the policies developed, adopted and implements pursuant to (a) and (b), above.

*(Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the California Disabled Persons Act.)*

3. Award Plaintiff special, general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

4. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

5. Award such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Respectfully submitted,

Dated: September 28, 2021


/s/ Jared Allebest
Jared Allebest, Esq.
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served this 28th day of September 2021, by electronic notice to:

Antelope Valley Hospital
1600 W Ave. J
Lancaster, California 93534.

/s/: Jared Allebest
Jared Allebest, #13485
Attorney for Plaintiffs
8978 South Quarry Stone Way
Sandy, UT 84094
Cell: (949) 322-3991
Videophone: (801) 204-9055
Email: Jared@Allebest.com

# EXHIBIT #1

## Claim Against Public Entity

**NAME OF DISTRICT:**

| 1. | Name of claimant: | Suzette B. DaSilva | | |
|---|---|---|---|---|
| | Home address: | *Street* 43728 Challenger Way #85 | | |
| | | *City, state, postal code* Lancaster CA 93535 | *Telephone* (661) 524-0542 | |
| | Business address: | *Street* | | |
| | | *City, state, postal code* | *Telephone* ( ) - | |
| 2. | Mailing address: (Note: List address where all correspondence regarding this claim should be sent) | *Name of Recipient (if other than claimant):* Jared Allebest | | |
| | | *Street* 8978 South Quarry Stone Way | | |
| | | *City, state, postal code* Sandy Utah 84094 | *Telephone* (949) 322-3551 | |
| 3. | List name, address, and phone number of any witness(es). Use separate sheet for additional witnesses. | | | |
| | Name: | | | |
| | Address: | *Street* | | |
| | | *City, state, postal code* | *Telephone* | |

**4.** List the date, time, place, and other circumstances of the occurrence that gave rise to the claim asserted:

| Date: May 7 2019 – July 4 2020 | Time: | Place: Antelope Valley Hospital |
|---|---|---|

Tell what happened (give complete information):

On one or more occasion, Claimant Suzette DaSilva went to Antelope Valley Hospital (AVH) for emergency medical reasons. She is profoundly deaf and communicates in ASL. She asked for an American Sign Language (ASL) interpreter and her request was denied. She was not provided with Video Remote Interpreter (VRI) either.

*Note: Attach any photographs you may have regarding this claim.*

**5.** Give a general description of the indebtedness, obligation, injury, damage, or loss incurred so far as it may be known at the time of presentation of claim:

**6.** Give the name(s) of the public employee(s) involved if known:

| 1. | 2. |
|---|---|
| 3. | 4. |

**7.** If the actual amount of your claim is less than $10,000, indicate the exact amount of your claim, and, if possible, show specific itemization and/or include copies of any documents in support thereof. If the amount of the claim exceeds $10,000, a dollar amount should not be included in this claim form.

| Date: 12-15-2020 | Time: | Signature: Suzette B DaSilva |
|---|---|---|

EXHIBIT #2



**ANTELOPE VALLEY**
**H O S P I T A L**
*A facility of Antelope Valley Healthcare District*

January 28, 2021

Jared M. Allebest, Esq.
Allebest Law Group
8978 South Quarry Stone Way
Sandy, UT 84094
Re:    Suzette DaSilva, Claimant

NOTICE IS HEREBY GIVEN that the claim, which you presented to Antelope Valley Hospital on December 21, 2020, was rejected.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Further, this will inform you that physicians and surgeons providing service to Antelope Valley Hospital are independent contractors and are not employees or agents of the hospital or the Antelope Valley Healthcare District.

If you file a court action in this matter, and a court concludes that your action is not based on good faith, Antelope Valley Hospital intends to seek attorneys' fees and all of its expenses incurred in defending the action as permitted by California Law, including but not limited to, Code of Civil Procedure Section 1038. We encourage you to seek legal advice promptly to determine whether your claim has legal merit.

Very truly yours,

Edward Mirzabegian
Chief Executive Officer

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
Code Civ. Proc., '1013a(1); '1013a(3) and '2015.5

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1600 W. Avenue J, Lancaster, California 93534.

On January 28, 2021, I served the foregoing document described as **Notice of Rejection** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**Jared M. Allebest, Esq.**

**Allebest Law Group**

**8978 South Quarry Stone Way**

**Sandy, UT 84094**

**Re:     Suzette DaSilva, Claimant**

BY MAIL
[ **X** ]   I deposited such envelope in the mail at Lancaster, California.  The envelope was mailed with postage thereon fully prepaid.

[ **X** ]   I declare that I am "readily familiar" with Antelope Valley Hospital's  practice of collection and processing correspondence for mailing.  It is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

BY PERSONAL SERVICE
[  ]   I delivered such envelope by hand to the offices of the addressee(s) ***.

[  ]   I caused such envelope to be delivered by hand to the offices of the addressee(s)***.

BY FACSIMILE
[  ]   In addition to regular mail, I sent this document via facsimile, numbers as listed as above as follows by transmitting via facsimile the document(s) listed above to the fax numbers set forth above on *** .  There is an agreement between this office and the recipient to accept service by facsimile.

BY EXPRESS MAIL
[ ]   I deposited such envelope in a facility regularly maintained by the United States Postal Service for receipt of Express Mail with Express Mail postage paid, addressed to the person to be served.

STATE
[ X ]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 28, 2021 at Lancaster, California.

FEDERAL
[  ]   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed on *** at Lancaster, California.

Marcia Rowlett, Claims Coordinator



ANTELOPE VALLEY
H O S P I T A L
*A facility of Antelope Valley Healthcare District*

1600 West Avenue J • Lancaster, CA 93534 • (661) 949-5000
www.avhospital.org

SANTA CLARITA CA 913
28 JAN 2021 PM 1 L

FIRST-CLASS MAIL

01/28/2021
US POSTAGE   $000.51⁰



ZIP 93534
041M12251617

Jared M. Allebest, Esq.
Allebest Law Group
8978 South Quarry Stone Way
Sandy, UT 84094
Re:    Suzette DaSilva, Claimant

84094-770778

# EXHIBIT #3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Antelope Valley Hospital
1600 West Avej
Lancaster, CA 93534

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 4699 8323 4003 72

2. Article Number (Transfer from service label)

7020 0640 0002 0357 5713

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

APR 15 2021

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING #

SANTA CLARITA CA 913

15 APR 2021 PM 5 L

9590 9402 4699 8323 4003 72

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

J Allebest
Allebest Law Group PLLC
1914 E. 9400 S. #256
Sandy UT 84093

# EXHIBIT #4



USPS TRACKING #

SANTA CLARITA CA 913

10 AUG 2021 PM 6 L

9590 9402 6287 0274 4546 43

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box •

J. Allebest
Allebest Law Group PLLC
1914 E. 9400 S. #256
Sandy UT 84093

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Antelope Valley Hospital
1600 W Ave J.
Lancaster CA 93534

9590 9402 6287 0274 4546 43

2. Article Number (Transfer from service label)

7020 1810 0001 7049 8163

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

Exhibit #5



**ANTELOPE VALLEY**
**H O S P I T A L**
*A facility of Antelope Valley Healthcare District*

September 17, 2021

Jared M. Allebest, Esq.
Allebest Law Group
1914 East 9400 South # 256
Sandy, UT 84093
Re:   Suzette DaSilva, Claimant

NOTICE IS HEREBY GIVEN that the claim, which you presented to Antelope Valley Hospital on August 13, 2021, was rejected.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.  See Government Code Section 945.6.

You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Further, this will inform you that physicians and surgeons providing service to Antelope Valley Hospital are independent contractors and are not employees or agents of the hospital or the Antelope Valley Healthcare District.

If you file a court action in this matter, and a court concludes that your action is not based on good faith, Antelope Valley Hospital intends to seek attorneys' fees and all of its expenses incurred in defending the action as permitted by California Law, including but not limited to, Code of Civil Procedure Section 1038.  We encourage you to seek legal advice promptly to determine whether your claim has legal merit.

Very truly yours,

Edward Mirzabegian
Chief Executive Officer

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
Code Civ. Proc., '1013a(1); '1013a(3) and '2015.5

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1600 W. Avenue J, Lancaster, California 93534.

    On September 17, 2021, I served the foregoing document described as **Notice of Rejection** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**Jared M. Allebest, Esq.**
**Allebest Law Group**
**1914 East 9400 South # 256**
**Sandy, UT 84093**
**Re:    Suzette DaSilva, Claimant**

BY MAIL
[ X ]    I deposited such envelope in the mail at Lancaster, California.  The envelope was mailed with postage thereon fully prepaid.

[ X ]    I declare that I am "readily familiar" with Antelope Valley Hospital's  practice of collection and processing correspondence for mailing.  It is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

BY PERSONAL SERVICE
[  ]    I delivered such envelope by hand to the offices of the addressee(s) ***.

[  ]    I caused such envelope to be delivered by hand to the offices of the addressee(s)***.

BY FACSIMILE
[  ]    In addition to regular mail, I sent this document via facsimile, numbers as listed as above as follows by transmitting via facsimile the document(s) listed above to the fax numbers set forth above on *** .  There is an agreement between this office and the recipient to accept service by facsimile.

BY EXPRESS MAIL
[  ]    I deposited such envelope in a facility regularly maintained by the United States Postal Service for receipt of Express Mail with Express Mail postage paid, addressed to the person to be served.

STATE
[ X ]    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on September 17, 2021 at Lancaster, California.

FEDERAL
[  ]    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed on *** at Lancaster, California.

_Marcia Rowlett_
Marcia Rowlett, Claims Coordinator