Jared Allebest, #325086
Attorney for Plaintiffs
1914 East 9400 South #256
Sandy, UT 84094
Cell: (949) 322-3991
Videophone: (801) 204-9055
Email: Jared@Allebest.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LOCKHART AND ROES I-X<br><br>Plaintiff,<br><br>vs.<br><br>LOGISTICS, LLC ., AND ROES I-X<br><br>Defendant | CASE N0.: 2:21-cv-08169<br><br>AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF:<br><br>1. AMERICANS WITH DISABILITIES ACT;<br><br>2. UNRUH CIVIL RIGHTS ACT;<br><br>3. DISABLED PERSONS ACT<br><br>JURY TRIAL DEMANDED |

## I. INTRODUCTION

1. Nearly 31 years after the Americans with Disabilities Act ("ADA") was passed, some businesses and employers still routinely fail to provide sign language interpreters and other accommodations to deaf employees, depriving them of effective communication in at the workplace. Defendant, the owner and operator of Logistics LLC, is one such business/employer.

2. Plaintiff Ronald Lockhart, an individual who is deaf, alleges that Defendant failed and refused to take the steps necessary to provide effective communication to the Respondent when he requested an ASL interpreter during key meetings with management who were employed by the Defendant(s). Furthermore, the Defendants failed to ensure that he was not excluded, denied services, segregated, or otherwise treated differently than other

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES                1

individuals at Logistics, LLC. because of the absence of auxiliary aids and services. He was employed by the Defendant, Logistics LLC from October 8, 2020 to January 22, 2021.

3. Plaintiff brings this action alleging discrimination on the basis of disability in violation of, Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq., Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, *et seq*., and related California civil rights laws.

4. Through this action, Plaintiff seeks declaratory and injunctive relief and damages, as well as his attorneys' fees and the costs of bringing this suit.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 for claims arising under the ADA.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for claims arising under California law, including, the Unruh Civil Rights Act, Cal. Civ. Code §51, *et seq*. and the Disabled Persons Act, Cal. Civ. Code § 54.1, *et seq*., both of which expressly incorporate the ADA. Cal. Civ. Code §§ 51(f), 54.1(d).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiff's claims occurred within this District.

## III. PARTIES

8. Plaintiff Ronald Lockhart is, and at all times relevant herein was, a resident of the State of California. Plaintiff is, and at all times relevant herein was, a qualified individual with a "disability" as defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 36.104) and California law (Cal. Gov. Code § 12926); and a "handicapped person" as defined under Section 504 of the Rehabilitation Act and its implementing regulations (29 U.S.C. § 794, incorporating by reference 29 U.S.C. § 705; 45 C.F.R. § 84.3(J)). He does not wear hearing aids or cochlear implants of any kind. His primary language is American Sign Language (ASL). He has a limited ability to read, write, speak, or understand English.

9. Defendant Logistics, LLC is a California Corporation with its principal place of business in Los Angeles County, California. Defendant Logistics LLC., is, and at all times relevant herein was, the owner, operator, lessor, and/or lessee of Logistics, LLC. The corporate office for Logistics LLC. is located at 4187 Temple City Boulevard Rosemead, California 91770.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES        2

10. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

11. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## IV. FACTS UPON WHICH ALL CLAIMS ARE BASED

12. Plaintiff has been deaf since birth and is therefore substantially limited in the major life activity of hearing and communicating via spoken language.

13. American Sign Language ("ASL") is Plaintiff's primary language and ASL interpretation is his preferred auxiliary aid/service.

14. Plaintiff is unable to communicate effectively using notes in written English because English is not his primary language.

15. The Plaintiff had a job interview with the Defendant on September 21, 2020. The ASL interpreter was Francisco Venegas, and the interpreter was provided by Greater Los Angeles Agency on Deafness – Employment Development Department (GLAD-EDD).

16. The Defendant(s) hired the Plaintiff on October 8, 2020, as a full time delivery driver (8-10 hours) for Logistics LLC. The address of where the Plaintiff worked was located at 9870 Gidley Street El Monte, California 91731.

17. The Plaintiff attended his employment orientation on October 8, 2020. The ASL interpreter was A. Camacho, and the interpreter was provided by GLAD-EDD. After that, the Plaintiff did not receive the proper training on the Defendant's policies or procedures because he was not provided with an ASL interpreter upon request.

18. While employed with the Defendant, the Plaintiff attended several meetings in which the interpreter provided was not qualified or certified to be an ASL interpreter. The Plaintiff made several complaints about this issue, but his complaints was never acknowledged.

19. The Plaintiff damaged to the company's van and received the first write up. (See Exhibit #1). A supervisor met with the Plaintiff and had an employee/co-worker named "Roberto" translated the meeting on December 12, 2020. However, Roberto's ASL was very limited, and he was not licensed or qualified to interpret for the Plaintiff. Moreover, the Petitioner was concerned about having an employee/co-worker interpret for him because this meeting was being discussed in front of another employee who had no duty of confidentiality that a certified and/or qualified ASL interpreter is obligated to follow. The Plaintiff notified the supervisor that he needs an ASL interpreter from some agency.

20. Shortly thereafter, the Defendant(s) cut the Petitioner's hours to five hours a day without any cause or justification since. Other employees were working ten (10) hours a day and the Petitioner's hours were being reduced without any explanation.

21. On January 5, 2021, the Petitioner returned back to the office around 2 PM and found nobody in the office to his purse (that contains vehicle key and cards.) The Plaintiff spoke with a female staff in another department, and she called his supervisor on his behalf. The Plaintiff was instructed by the female staff member to leave the purse on the desk. On the next day of January 6th, 20201, the Plaintiff received a verbal warning for leaving the purse on the desk. A male supervisor wrote down the verbal warning on a paper that explaining that the Plaintiff was not supposed to leave the purse unattended because it could have been stolen. The Plaintiff was warned that he could be suspended for 30-day or get fired. The Plaintiff received a write up on this issue. However, due to this written communication, the Plaintiff was unable to explain the situation that he did consult with the female staff and was instructed to leave it on the desk. The Plaintiff feels that had an ASL interpreter been provided to him at any time prior to his termination, he would have been able to explain his side of the story.

22. On January 7, 2021, the Plaintiff showed up to his scheduled shift from 8:30 AM to 7:30 PM. However, the Plaintiff was told by a black male staff that I had no job for the day and that the Plaintiff was sent back to home. It is unclear if the Plaintiff received pay for this day or not.

23. A few days later on January 9th, 2021, the Plaintiff received a suspension notice via email and text message. The consumer did not understand this notice and requested a meeting along with an ASL interpreter. The Plaintiff then emailed an individual named Guadalupe who worked in the HR department. and Omar, the assistant manager. Afterwards, the Plaintiff called Omar three times via Video Relay Service (VRS) to

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES                4

request for a meeting with ASL interpreter. His request was disregarded because they never responded to his request for a meeting with an ASL interpreter.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES            5



24. Consumer but was formally suspended on January 15, 2021.

25. On January 17th, 2021, The Plaintff contacted EEOC and was referred to DEFH. The Plaintiff participated in an intake with "David" at DFEH through Video Relay Service (VRS).

26. On January 22, 2021, the Defendant(s) held a meeting with the Plaintiff regarding the Defendant(s) suspension notice. Once again, Roberto interpreted for the Plaintiff because they denied his request for a qualified and certified ASL interpreter. The Plaintiff did not fully understand Roberto's ASL translation but from what he could understand, he was being fired for an accident that involved the Defendant's van which cost them $4,000 in repairs. He also understood that his suspension was because he was too slow at work. The Plaintiff was frustrated with Roberto's poor interpreting and did not trust that Roberto would be able to accurately provide voice translation for the Plaintiff. The Plaintiff wanted to explain that the termination was in violation of the company's own policy since it was his understanding that an employee can be fired only after the third accident. However, because Roberto was interpreting, the Plaintiff felt that he had no opportunity to ask questions or express his opinions.

27. The Plaintiff had a second meeting with DFEH on January 25th, 2021 in which he informed them of the results of the January 22nd, 2021 meeting with the Defendant.

28. DFEH approved his complaint against the Defendant(s), and filed a formal complaint against the Defendant(s) on February 19th, 2021.

29. The Plaintiff received a 150 day notice from DFEH on July 21st, 2021.

30. The Plaintiff meet with the DFEH investigator on July 27th, 2021. The Plaintiff had a telephone/VRS meeting with the DFEH investigator. The Plaintiff inquired the progress of the investigation. The DFEH investigator informed the Plaintiff that Logistics did not respond their mediation request in 30 days. The DFEH investigator explained that since the Defendant was not cooperative with DFEH in their investigation of the Plaintiff's complaint, the Plaintiff had the option to either withdraw from the DFEH case and file a private lawsuit or continue the DFEH investigation. The Plaintiff chose to withdraw and file a lawsuit because the company was not cooperative with DFEH.

31. The Plaintiff was issued a right to sue letter form DFEH on August 26th, 2021 in which he was notified that he has 90 days to file a suit. (See Exhibit #2). The deadline to file a lawsuit is November 24th, 2021.

# V. CLAIMS FOR RELIEF
## FIRST CAUSE OF ACTION
**(Violation of Title I of the AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12111 et seq.)**

32. Plaintiff incorporates by reference the allegations of paragraphs 1 through 31 above.

33. Plaintiff is an individual with a disability because he is substantially limited in the major life activities of, hearing, speaking, and communicating. See 42 U.S.C. § 12102 (2)(A).

34. At all times relevant, the Plaintiff was able to perform the essential functions of a truck driver and was qualified to work as an employee for the Defendant.

35. Logistics LLC. are employers within the meaning of the act. Upon information and belief, Logistics LLC have more than 15 employees.

36. The Defendants subjected the Plaintiff to disparate treatment and failed to make reasonable accommodations for his disability not providing effective communication with the Plaintiff to discuss his suspension notice with his supervisors and other individuals within management.

37. The Plaintiff(s) were discriminated by reason of his disability of being Deaf and suffered adverse employment action by not being hired for the job he applied for on the basis of unfounded fears or generalizations about individuals who are Deaf. An employer cannot refuse to hire a person with a disability because of a slightly increased risk or because of fears that there might be a significant risk sometime in the future. The determination must be individualized to the disabled applicant and not generalized to the disability that the potential employee has.

38. Defendants engaged in intentional discrimination, with malice, reckless indifference, and deliberate indifference.

39. The Plaintiff was injured as the result of Defendant's conduct. He experienced severe emotional distress, a loss of income because he was denied employment on the basis of his disability, had to spend extra time and money to find employment elsewhere, was forced to hire an attorney to seek a resolution in this matter, as well as and other damages.

## On the Plaintiff's Second Cause of Action:
(Violation of Title III, ADA–Disparate Treatment by Reason of Disability)

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES           8

40. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 hereof, and incorporates the same herein by reference.

41. The Defendants have engaged in discrimination by segregating, singling out or subjecting the Plaintiffs to disparate treatment by reason of their Deafness.

42. Mr. Lockhart asked the Defendants for a live onsite ASL interpreter for meetings with management to discuss his suspension notice but was provided with an employee who had a limited knowledge of ASL and was not qualified and/or certified to interpret ASL.

43. Due to the discriminatory policies, practices, and procedures at Logistics LLC., the Defendants' excluded, denied services to, segregated, or otherwise treated differently the Plaintiffs by reason of their disabilities.

44. The Plaintiff(s) were, and are, subjected to discriminatory conditions and suffer irreparable harm in the nature of humiliation, limitation of freedom, and other forms of intangible injuries to their dignity interests.

45. This real and tangible injury has caused the Plaintiff, Mr. Lockhart, to incur costs in the form of fees and interest from their personal funds to travel to meet with their attorney, funds which they would not have otherwise had to spend had the Defendants refused to provide a qualified and certified ASL interpreter by reason of their Deafness.

46. Each of the discriminatory conditions identified above presents a palpable and substantial deprivation of a degree of the Plaintiff(s)' much-cherished independence. The injuries sustained by the Plaintiff(s)' relating to the discrimination at the Defendants' hands are ongoing until the discriminatory conditions are corrected by policy and the source of the affront and indignity is rectified.

47. The Plaintiff(s) have been forced to engage the services of an attorney. Therefore, they are entitled to an award of the attorney's fees and costs. §28 CFR 36.505.

## On the Plaintiff's Third Cause of Action:
(Violation of Title III, ADA–Discriminatory Policies, Practices and Procedures)

48. The Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 47 hereof, and incorporate the same herein by reference.

49. Defendants engaged in discrimination by failing to modify their policies, practices, and procedures to ensure equal access to persons who are Deaf. As a result, by imposition or application of eligibility criteria that screen out, or tend to screen out, individuals with disabilities, specifically individuals who are Deaf, from fully and equally enjoying any

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES         9

goods, services, facilities, privileges, advantages, or accommodations including access to effective communication based on the needs of the individual and not a generalized assumption about a community.

50. Furthermore, the Defendants discriminated by refusing to provide a certified and qualified ASL interpreter. As a result, they engaged in illegal administrative procedures towards Plaintiffs.

51. By policies, practices and procedures, the Defendants failed or refused to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals without disabilities.

52. Because of the Plaintiffs' disability, the Defendants denied them the ability to fully and equally participate in obtaining employment from the Defendants that other non-disabled employment applicants receive due to the Defendants' discriminatory behavior and practices.

53. The Plaintiff' was, and are, still being subjected to the discriminatory conditions and suffer irreparable harm in the nature of humiliation, limitation of freedom, and other forms of intangible injuries to their dignity and interests.

54. This real and tangible injury has caused the Plaintiff, Mr. Lockhart to incur costs in the form of fees and interest from their personal funds to meet with his attorney, funds which he would not have otherwise had to spend had the Defendants refused to provide a certified and certified ASL interpreter by reason of his Deafness.

55. Each of the discriminatory conditions identified above presents a palpable and substantial deprivation of a degree of the Plaintiffs' much cherished independence. The injuries sustained by the Plaintiff relating to the discrimination at the Defendants' place of public accommodation are ongoing until the discriminatory conditions are corrected by granting the access required by law.

56. The Plaintiff have been forced to engage the services of an attorney. Therefore, they are entitled to an award of attorney's fees and costs. §28 CFR 36.505.

### On the Plaintiff's Fourth Cause of Action:
(Injunction and Damages for Violation of Title III, ADA–Discriminatory Administrative Methods)

57. The Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 56 hereof, and incorporate the same herein by reference.

58. The Defendants engaged in discrimination by maintaining discriminatory and illegal administrative methods. The Defendants discriminate by excluding people with disabilities. Defendants have not taken such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals.

59. Defendants have not properly trained employees as to the requirements for affording effective communication under the ADA.

60. Because of the disability of deafness, the Plaintiff(s) cannot fully and equally access obtain employment offered by the Defendant. The Plaintiffs are regularly subjected to such discrimination and their opportunities are unfairly limited when businesses effectively ban them because of their disabilities.

61. The Plaintiff(s) are subjected to the discriminatory conditions present at Logistics LLC. The Plaintiff(s) have suffered irreparable harm in the nature of humiliation, limitation of freedom, and other forms of intangible injuries to their dignity and interests.

62. Each of the discriminatory conditions identified above presents a palpable and substantial deprivation of a degree of the Plaintiffs' much cherished independence. The injuries sustained by the Plaintiff(s) relating to the discrimination at the Defendants' places of public accommodation are ongoing until the discriminatory conditions are corrected by either granting the access required by law or removing or shutting down the source of the affront and indignity.

63. The Plaintiff have been forced to engage the services of an attorney. Therefore, he is entitled to an award of the attorney's fees and costs. §28 CFR 36.505.

### THIRD CAUSE OF ACTION
(Unruh Civil Rights Act California, Civil Code § 51, *et seq.*)

64. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

65. The Unruh Civil Rights Act ("Unruh Act") guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

66. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

67. Logistics LLC. is a business establishment.

68. Defendant owns and operates Logistics LLC.

69. As the owner and operator of Logistics LLC, Defendant must comply with the provisions of the Unruh Act.

70. Defendant(s) has violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Antelope Valley Hospital.

71. Defendant(s) has also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA.

72. Defendant's duties under the Unruh Act are mandatory and long-established. Defendant is deemed to have had knowledge of its duties at all times relevant herein. Defendant's failure to carry out these duties as set forth herein was willful and knowing and/or the product of deliberate indifference, warranting an award of treble damages.

73. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
### (California Disabled Persons Act, California, Civil Code § 54.1, *et seq.*, for statutory damages and attorneys' fees only)

74. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately re-pled.

75. The California Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all . . . places of public accommodation." Cal. Civ. Code § 54.1(a)(1).

76. A violation of the ADA is also a violation of the CDPA. Cal. Civ. Code, § 54.1(d).

77. Logistics LLC is a place of public accommodation subject to the CDPA.

78. Defendant owns and operates Logistics LLC.

79. Defendant's acts and omissions, described herein, violate the rights of Plaintiff under the CDPA. Defendant has also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA.

80. Defendant's duties under the CDPA are mandatory and long-established. Defendant is deemed to have had knowledge of its duties at all times relevant herein. Defendant's failure to carry out these duties as set forth herein was willful and knowing and/or the product of deliberate indifference, warranting an award of treble damages.

81. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §54.3(a), Plaintiff prays for judgment as set forth below.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendant's policies and practices discriminate against Plaintiff in violation of the ADA and California civil rights law;

2. Issue an injunction pursuant to the ADA and Unruh Act ordering Defendant to:

a. develop, adopt and implement non-discrimination policies;

b. develop, adopt and implement policies regarding the provision of effective communication to people who are deaf / hard of hearing;

c. train Logistics LLC personnel regarding their obligations to provide communication access to individuals who are deaf / hard of hearing and the policies developed, adopted and implements pursuant to (a) and (b), above.

*(Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the California Disabled Persons Act.)*

3. Award Plaintiff special, general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

4. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

5. Award such other and further relief as the Court may deem just and proper.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES     13

## VII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Respectfully submitted,

Dated: October 14, 2021

/s/ Jared Allebest
Jared Allebest, Esq.
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing document was served this 14th day of October 2021, by electronic notice to:

Logistics LLC
4187 Temple City Boulevard
Rosemead, California 91770.

Logistics, LLC
9870 Gidley Street
El Monte, California 91731.

                                                   /s/: Jared Allebest
                                                   Jared Allebest, #325086
                                                   Attorney for Plaintiff
                                                   1914 East 9400 South
                                                   Sandy, Utah 84093
                                                   Cell: (949) 322-3991
                                                   Videophone: (801) 204-9055
                                                   Email: Jared@Allebest.com

# Exhibit #1



# Employee Warning Notice

## Employee Information

**Employee Name:** Ronald Lockhart
**Employee ID:** _____
**Manager:** Amber Jackson

**Date:** 12/10/2020
**Job Title:** DA
**Department:** _____

## Type of Warning

☒ First Warning  ☐ Second Warning  ☐ Final Warning

## Type of Offenses

☐ Tardiness/Leaving Early  ☐ Absenteeism  ☐ Violation of Company Policies
☐ Substandard Work  ☐ Violation of Safety Rules  ☐ Rudeness to Customers/Coworkers
☒ Other: Vehicle Damage

## Details

**Description of Infraction:**
DA drove into a Lowered parking structure that was 7 FT high, the Van is 9 Ft 6 inches. The vehicle sustained damage to the roof and caused damage to the parking structure.

**Plan for Improvement:**
DA must be aware of his surroundings at all time. Please keep in mind that the van is ONLY 9 FT 6 inches high. Be aware that any entrance you take is taller than 10 Ft. to ensure that you do not cause any damage to any van.

**Consequences of Further Infractions:**
Further damage to any and all company vehicles will result in suspension and or loss of work days.

## Acknowledgment of Receipt of Warnings

By signing this form, you confirm that you understand the information in this warning. You also confirm that you and your manager have discussed the warning and a plan for improvement. Signing this form does not necessarily indicate that you agree with this warning.

Ronald Lockhart — Employee Signature       Date: 12-10-2020

Manager Signature       Date: 12·10·2020

Witness Signature (if employee understands warning but refuses to sign)       Date: 12/10/2020

# Exhibit #2

EEOC Form 161-B (11/2020)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ronald Lockhart<br>3547 E Green Street Unit B<br>Pasadena, CA 91107 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 37A-2021-01298 | **Karrie L. Maeda,**<br>**State, Local & Tribal Program Manager** | (213) 785-3002 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice**. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Karrie L. Maeda   Digitally signed by Karrie L. Maeda<br>Date: 2021.08.26 11:14:25 -07'00'

August 26, 2021

Enclosures(s)      **For Rosa M. Viramontes,**<br>**District Director**      *(Date Issued)*

cc:    **Amber Jackson**<br>**Human Resources**<br>**LOGISTICS, LLC**<br>**4187 Temple City Boulevard**<br>**Rosemead, CA 91770**