# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LOCKHART, et al., | NO. CV 21-8169 FMO (KESx) |
| Plaintiffs, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| LOGISTICS LLC, et al., | |
| Defendants. | |

Suzette Dasilva filed a complaint initiating this action on October 14, 2021, (Dkt. 1, Complaint), and plaintiff Ronald Lockhart ("plaintiff") filed a superseding First Amended Complaint ("FAC") on the same day.[1] (See Dkt. 7, FAC). By order dated December 21, 2021, plaintiff was ordered to show cause, on or before January 12, 2022, why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (See Dkt. 21, Court's Order of December 21, 2021). Plaintiff was admonished that "[f]ailure to file a timely response to th[e] Order to Show Cause shall result in the action or the above defendant(s) being dismissed for lack of prosecution and for failure to comply with the orders of the court." (Id.). Plaintiff responded by requesting additional

---

[1] It appears that plaintiff's counsel initially filed the wrong complaint naming Suzette Dasilva as the plaintiff. (See Dkt. 22, Plaintiff's Response to Court's Order to Show Cause at ¶ 10) ("The Plaintiff, through his attorney, Jared Allebest, incorrectly filed a Complaint from another matter along with other court documents from another case . . . with the Court on October 14, 2021.").

time. (See Dkt. 22, Response to Court's Order to Show Cause). The court granted plaintiff an additional 30 days to complete service and ordered him to file a proof(s) of service no later than February 16, 2022. (See Dkt. 23, Court's Order of January 11, 2022). Plaintiff was again admonished that "failure to file a proof(s) of service by the [deadline above] will result in the action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court." (Id.). As of the date of this Order, plaintiff has not filed proofs of service of the summons and complaint on any defendant.[2] (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321 (1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829, 107 S.Ct. 112 (1986). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

---

[2] On February 10, 2022, plaintiff filed a Second Amended Complaint ("SAC") (Dkt. 24), which was stricken for failure to request leave of court. (See Dkt. 27, Court's Order of February 14, 2022, Re: SAC). On February 11, 2022, plaintiff filed a Motion for Leave to File Amended Complaint [] ("Motion") (Dkt. 26), which was stricken for failure to comply with Local Rules 11-3.6 and 7-4. (See Dkt. 28, Court's Order of February 14, 2022, Re: Motion). "Filing an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service." 4B Wright & Miller, Federal Practice and Procedure § 1137 (4th ed. 2016); see, e.g., Kinney v. Three Arch Bay Cmty. Servs. Dist., 2017 WL 2992744, *1 (C.D. Cal. 2017) ("Although Plaintiff filed an amended complaint on July 10, 2016, such filing does not restart or otherwise toll the 90-day service period.") (citing Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir. 2006)); Tanya A. v. City of San Diego, 2015 WL 1197550, *4 (S.D. Cal. 2015) ("[T]he filing of an amended complaint does not toll the service period[.]").

availability of less drastic sanctions.  Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and comply with the Court's Order to Show Cause issued on January 11, 2022 (Dkt. 23), is appropriate.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court.

Dated this 18th day of February, 2022.

/s/
Fernando M. Olguin
United States District Judge